UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>JOHN DOE, subscriber of assigned IP address 76.171.172.138,<br><br>                              Defendants. | Case No.: 3:24-cv-00547-LL-JLB<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATINO FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**[ECF No. 4]** |

Before the Court is an *Ex Parte* Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference ("Motion") file by Plaintiff Strike 3 Holdings, LLC (Plaintiff). (ECF No. 4.) No opposition has been filed, as no defendant has been named or served. For the reasons set forth below, Plaintiff's *ex parte* Motion is **GRANTED**.

///

1

## I.  BACKGROUND

This case is one of a number of cases filed by Plaintiff alleging copyright infringement against a John Doe defendant using a BitTorrent file-sharing system. Plaintiff alleges that it owns the copyrights to motion pictures distributed through adult content websites and DVD distributors *Blacked*, *Blacked RAW*, *MILFY*, *Tushy*, *Tushy Raw*, and *Vixxen*. (ECF No 1. ¶ 2–3, 14.)  Plaintiff alleges that Defendant, the person or entity assigned Internet Protocol ("IP") address 76.171.172.138, illegally downloaded and distributed twenty-six (26) of Plaintiff's motion pictures using a BitTorrent file distribution network. (*Id*. at ¶¶ 4–6, 13, 18–46; ECF No. 1-2.)  Plaintiff commenced this action against Defendant "John Doe, subscriber of assigned IP address 76.171.172.138" on March 21, 2024, alleging one count of direct copyright infringement (ECF No. 1 ¶¶ 48–53.)

Plaintiff alleges that, because Defendant committed the alleged infringement using the Internet, Plaintiff knows Defendant only by his, her, or its IP address, assigned to Defendant by the Internet Service Provider ("ISP"), Spectrum.  (*Id*. at ¶5; ECF No. 4-1 at 11.) In its Motion, Plaintiff asserts that Spectrum owns Defendant's IP address, and thus "is the only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity."  (ECF No 4-1 at 7.)  Plaintiff thus seeks leave to serve a Rule 45 subpoena on Spectrum to secure the true name and address associated with IP address 76.171.172.138, information without which Plaintiff cannot serve Defendant and prosecute the case. (*Id*. at 8.)

## II.  LEGAL STANDARD

Unless authorized by Court order, discovery is not permitted in cases of the instant action's type before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f).  Fed. R. Civ. P. 26(d)(1).  "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."  *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999).  Requests for such exceptions are granted upon a showing of good cause by the moving party, which may be found

"where the need for expedited discovery, in consideration of the administrative of justice, outweighs the prejudice to the responding party." *Semitool Inc. v. Tokyo Electron Am. Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins. Co.*, 185 F.R.D. at 578.

Within the Ninth Circuit, courts apply a three-factor test to determine whether good cause exists to allow expedited discovery to identify a Doe defendant. *Id*. at 579–79. "First, the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that [the] defendant is a real person or entity who can be sued in federal court." *Id*. at 578. Second, the plaintiff "should identify all previous steps taken to locate the defendant" to ensure plaintiff has made a good faith effort to identify and serve process on the defendant. *Id*. at 578. Third, the plaintiff "should establish to the Court's satisfaction that [the] plaintiff's suit against [the] defendant could withstand a motion to dismiss." *Id*. Finally, ". . .the plaintiff should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about [the] defendant that would make service of process possible." *Id*. at 580.

### III.   DISCUSSION

**A. Identification of Missing Party with Sufficient Specificity**

To prevail on its Motion, Plaintiff must identify Defendant with specificity sufficient to enable the Court to determine that Defendant is a real person or entity subject to the Court's jurisdiction. *See Columbia Ins. Co.*, 185 F.R.D. at 578. The Court finds that Plaintiff has met this burden.

Courts within the Ninth Circuit have determined that "a plaintiff identifies Doe Defendants with sufficient specificity" in cases like the instant case "by providing the unique IP addresses to a physical point of origin." *808 Holdings, LLC v. Collective of*

*December 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C D63C23C91*, No. 12-cv-00186-MMA-RBB, 2012 WL 12884688, at *4 (S.D. Cal. May 8, 2012); see also *Pink Lotus Entm't, LLC v. Does 1-46*, No. C-11-02263, 2011 WL 2470986, at *3 (N.D. Cal. June 21, 2011) (finding that the plaintiff met its burden to identify Doe defendants by identifying the Doe defendants' IP addresses and using geolocation technology to trace the IP addresses to a point of origin).

Here, Plaintiff has sufficiently demonstrated that Defendant is a real person or entity likely subject to this Court's jurisdiction. Plaintiff attached to its Complaint a table reflecting that the subscribed assigned IP address 76.171.172.138 engaged in allegedly infringing activity on 26 occasions between July 31, 2021, and February 27, 2024. (ECF No. 1-2.)

To substantiate its claims, Plaintiff included for declarations in support of the instant Motion. Plaintiff first attached the Declaration of David Williamson, an Information Technology ("IT") consultant who serves as Plaintiff's Chief Technology Officer. (ECF No. 4-2 at 1–15 ("Ex. A").) Mr. Williamson declares that he "oversaw the design, development, and overall creation of the infringement detection system called VXN Scan ('VXN') which [Plaintiff] both owns and uses to identify IP addresses used by individuals infringing on Plaintiff's movies via the BitTorrent protocol." (Ex. A at ¶40.) Mr. Williamson explains in detail how VXN Scan operates and its six components.

VXN Scan includes a proprietary BitTorrent client component that emulates the behavior of a standard BitTorrent client by repeatedly downloading data pieces from peers within the BitTorrent network which are distributing Plaintiff's movies. (*Id*. at ¶¶52–56.) VXN likewise contains a "Packet Capture" ("PCAP") component, which records allegedly infringing BitTorrent computer transactions, including the associated IP address used in the network transaction, the date and time of transaction, the BitTorrent client used in the transaction, and other information. (*Id*. at ¶¶ 57–70.) The PCAP component also identifies the "Info Hash value that was used to obtain the transacted piece"—information that identifies the data that was shared in the recorded transaction allegedly containing an

infringing copy of Plaintiff's movie. (*Id*. at ¶61–62.) Mr. Williams' declaration sets forth additional details of all six components of the system in specificity, providing the Court with a comprehensive understanding of how the system reliably identifies IP addresses assigned to individuals allegedly infringing on Plaintiff's movies and verifies the infringement. (*See id*. at ¶¶ 43–82.)

Second, Plaintiff attached the Declaration of Patrick Page, a computer forensics expert retained to "analyze and retain forensic evidence captured by its infringement detection system[,]" VXN Scan. (ECF No. 4-2 at 16–22 ("Ex. B").) Mr. Paige explains that VXN Scan "recorded numerous BitTorrent computer transactions between the system and IP address 76.171.172.138 in the form of PCAPs." (Ex. B at ¶ 13.) Mr. Paige states that he received a PCAP from Plaintiff that, using a program called Wireshark, Mr. Paige confirmed is evidence of a recorded transaction with IP address 76.171.172.138 on February 27, 2024, which contained "a piece or pieces of a file corresponding to hash value 3350AD6ED2ECD3F20CA9BFAB853A3CED164589B0." (*Id*. at ¶¶ 16–18.) This hash value is data used to identify and locate other pieces of a desired file; here, the desired file contained an infringing copy of one of Plaintiff's movies. (*Id*. at ¶ 22; *see also* ECF No. 1-2.) Based on his experience, Mr. Page states that Defendant's ISP, Spectrum, "is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address 76.171.172.138 during the time of the alleged infringement." (Ex. B at ¶ 28.)

Plaintiff additionally attached the Declaration of Susan B. Stalzer, Plaintiff's employee who verified that each of the digital files VXN Scan received through its transactions with IP address 76.171.172.138 was "identical, strikingly similar, or substantially similar" to one of Plaintiff's copyrighted works. (ECF No. 4-2 at 24–26 ("Ex. C").)

Finally, Plaintiff included the Declaration of Emilie Kennedy, Plaintiff's in-house General Counsel (ECF No. 4-2 at 27–30 ("Ex. D").) Ms. Kennedy states that after Plaintiff "received infringement data from VXN Scan identifying IP address 76.171.172.138 as

infringing its works, the IP address was automatically inputted into Maxmind's Geolocation Database. . ." on August 5, 2021.[1] (Ex. D. at ¶ 4.) This searched traced the IP address's location to Fallbrook, California, within the Court's jurisdiction. (*Id*. at ¶ 4–5.) A later such search traced the IP address to Carlsbad, California (*Id*. at ¶ 7; *see also* ECF No. 4-2 at 31–32 ("Ex. 1").) Plaintiff argues in its motion that both this Court and others have accepted Maxmind's findings in assessing the appropriateness of expedited discovery. (ECF No. 4-1 at 13 (citing *Strike 3 Holdings LLC v. Doe*, No. 17-cv-2317-JAH-BLM, 2017 WL 6389847, at *2 (S.D. Cal. Dec. 14, 2017)).)

Based on Plaintiff's IP address tracing efforts, the timing of these efforts, and Plaintiff's continued tracing of IP address 76.171.172.138 to locations within this Court's jurisdiction, the Court concludes that Plaintiff has met its evidentiary burden of identifying Defendant with sufficient specificity and has shown that Defendant's IP address likely relates to a physical address—or physical addresses—within the Court's jurisdiction.

**B. Previous Attempts to Locate Defendant**

Plaintiff must likewise identify all steps taken to locate Defendant to ensure the Court that it has made a good-faith effort to identify and serve process on Defendant. *See Columbia Ins. Co.*, 185 F.R.D. at 579. The Court finds that Plaintiff has met that burden.

///

---

[1] In his respective declaration, Mr. Williams states that Maxmind is
> 'an industry-leading provider of IP intelligence and online fraud detection tools.' 'Over 5,000 companies use Geo IP data to locate their Internet visitors and show them relevant content and ads, perform analytics, enforce digital rights, and efficiently route Internet traffic.' Maxmind compiles information it receives from Internet Service Providers (ISPs) containing the city and state locations of the users of the ISPs and their respective IP addresses. Maxmind maintains and updates this list weekly and sells access to it.

(Ex. A ¶ 77 (internal footnotes omitted).)

In its Motion, Plaintiff states that it has made diligent attempts to locate Defendant by searching for Defendant's IP address using web tools and online search engines, reviewing "numerous sources of authority" including legislative reports and informational technology guides, and engaging computer investigators and cybersecurity consultants to identify other means through which to identify Defendant. (ECF No. 4-1 at 14.) Plaintiff argues that it has "exhausted all other alternatives for identifying Defendant," and that thus subpoenaing the information from Defendant's ISP remains the only means of obtaining Defendant's identity. (*Id.*)

As discussed above, Plaintiff retained Mr. Paige, who analyzed the data captured by VXN scan and determined that IP address 76.171.172.138 was engaged in allegedly infringing activity on February 27, 2024. (*See* Ex. B ¶¶ 13–28.) Mr. Page opined that Defendant's ISP is the only entity that can correlate IP address 76.171.172.138 to its subscriber and identify Defendant as the person assigned this IP address during the time of the alleged infringement. (*Id.*)

Based on the foregoing, the Court is satisfied that Plaintiff has attempted in good faith to locate Defendant and that Plaintiff cannot, on its own, identify Defendant with any greater specificity than as the subscriber Spectrum has assigned IP address 76.171.172.138. Accordingly, the Court finds that Defendant has made a good-faith effort to identify and locate Defendant before filing the instant Motion.

**C. Whether Plaintiff's Complaint Could Withstand a Motion to Dismiss**

Finally, Plaintiff must establish that its Complaint could survive a motion to dismiss. *Columbia Ins. Co.*, 185 F.R.D. at 579. The Court finds that Plaintiff has met this burden.

Plaintiff's Complaint alleges a single cause of action against Defendant: direct copyright infringement. (ECF No. 1 ¶¶ 48–53.) To survive a motion to dismiss for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a claim of direct copyright infringement, a plaintiff "must show:

(1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a) (2003)). "In addition, direct infringement requires the plaintiff to show causation (also referred to as 'volitional conduct') by the defendant." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017.)

In its Complaint, Plaintiff alleges to be the owner of the copyrighted movies or "[w]orks" at issue and asserts that each work was registered with the United States Copyright office. (ECF No. 1 ¶¶ 2, 34, 43, 46.) Exhibit A to the Complaint shows the hash values of the purportedly infringed works and the copyright registration number for each of the works that correspond with those hash values. (ECF No. 1-2.) Plaintiff further alleges that Defendant is the user behind IP address 76.171.172.138 who used the BitTorrent file network to "illegally download and distribute Plaintiff's copyrighted motion pictures" and that the infringement was "continuous and ongoing." (ECF No. 1 ¶¶ 13, 29, 38–45.) Lastly, Plaintiff alleges that "[a]t no point in time did [it] authorize, permit[,] or consent to Defendant's copying, distribution, performance[,] and/or display of its Works, expressly or otherwise." (*Id*. at 51.)

**D. Specific Request**

Finally, before the Court grants Plaintiff's Motion, Plaintiff "should file a request for discovery with the Court." *Columbia Ins. Co.*, 185 F.R.D. at 580. Plaintiff has not provided the Court with a proposed subpoena, but the Court has sufficient information to determine that "there is a reasonable likelihood that [a subpoena] will lead to identifying information about [D]efendant that would make service of process possible." *Id.* Plaintiff states that it plans to issue a subpoena upon Spectrum, Defendant's ISP, requesting only the "true name and address of Defendant," the subscriber to IP address 76.171.172.138. (ECF No. 4-1 at 7–8.) Further, Plaintiff argues that Spectrum is the only entity that can identify Defendant by his, her, or its IP address, an argument supported by the statements of its declarant Mr. Paige. (*See* Ex. B ¶ 28.) Accordingly, the Court finds that Plaintiff need not file the proposed subpoena with the Court.

## IV. CONCLUSION

For the reasons set forth above, the Court finds good cause to grant Plaintiff leave to serve a Rule 45 subpoena upon Spectrum in advance of the Rule 26(f) conference. However, despite Plaintiff's representations of good faith (ECF No. 4-1 at 9–10), the Court shares the concern noted by other courts in this District of "'unscrupulous tactics [being] used by certain plaintiffs, especially in the adult film industry, to shake down the owners of IP addresses' to exact quick and quiet settlements from possibly innocent defendants who pay out only to avoid potential embarrassment." *Malibu Media, LLC v. Doe*, No. 3:16-cv-00786-JLS-NLS, 2016 WL 9488778, at *4 (S.D. Cal. May 6, 2016) (quoting *Malibu Media, LLC v. Does 1–5*, No. 12 Civ. 2950(JPO), 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012)). The Court therefore finds that a limited protective order is necessary to protect Defendant's privacy. Further, Plaintiff has invited the Court to issue a protective order establishing procedural safeguards, "should the Court find such procedures to be appropriate." (ECF No. 4-1 at 18.)

Accordingly, the Court **GRANTS** Plaintiff's *ex parte* Motion (ECF No. 4) and **ORDERS** as follows:

1. Plaintiff may serve on Spectrum a subpoena, pursuant and compliant with the procedures of Federal Rule of Civil Procedure 45, seeking only the name and address of the subscriber assigned IP address 76.171.172.138 for the relevant time period of the alleged infringement. Plaintiff shall not seek from Spectrum any other personally identifying information about the subscriber.

2. Plaintiff's subpoena to Spectrum must include a minimum of **forty-five (45) calendar days' notice** before any production responsive to the subpoena shall be made to Plaintiff.

3. At the time Plaintiff serves its subpoena on Spectrum, Plaintiff shall also serve on Spectrum a copy of this Order.

4. Within **fourteen (14) calendar days** after service of the subpoena, Spectrum shall notify the subscriber assigned IP address 76.171.172.138 that his, her, or its identity has

been subpoenaed by Plaintiff and shall provide the subscribed a copy of this Order with the required notice.

5. The subscriber whose identity has been subpoenaed shall have **thirty (30) calendar days** from the date of such notice to challenge Spectrum's disclosure of his, her, or its name and address by filing an appropriate pleading with this Court contesting the subpoena.

6. If Spectrum seeks to quash the subpoena, it will do so as provided by Federal Rule of Civil Procedure 45(d)(3).

7. In the event of a motion to quash, modify, or otherwise challenge the subpoena is brought properly before the Court, Spectrum shall preserve the information sought by the subpoena pending resolution of any such motion.

8. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on Spectrum for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint (ECF No. 1.)  If Defendant wishes to proceed anonymously, Plaintiff may not release any identifying information without a court order allowing the information's release.

**IT IS SO ORDERED.**

Dated:  May 17, 2024

Hon. Jill L. Burkhardt
United States Magistrate Judge